IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, ) | C/A No.: 1:14-2222-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| J. Comstock, discipline hearing officer, ) | |
| in her individual capacity, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Raymond Edward Chestnut, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff sues J. Comstock, a Bureau of Prisons discipline hearing officer, in her individual capacity ("Defendant") for allegedly not providing him due process. This matter comes before the court on (1) Plaintiff's motion to amend the amended complaint [ECF No. 29] and (2) Plaintiff's failure to respond to Defendant's motion to dismiss/summary judgment [ECF No. 24]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.

I.     Motion to Amend

In his motion to amend his complaint, Plaintiff alleges that "there are different facts, to include, a new legal claim that Plaintiff would like to file." [ECF No. 29 at 1]. Plaintiff alleges that he "did not possess the information needed prior to the initial complaint." *Id.* However, Plaintiff provides no proposed amended complaint and no

disclosure of the purported facts or nature of the new legal claim he wishes to pursue. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action). Here, without a proposed amended complaint containing all of Plaintiff's allegations in this case, the undersigned is unable to evaluate whether amendment is appropriate. Therefore, Plaintiff's motion [ECF No. 29] must be denied without prejudice.

II.     Plaintiff's Failure to Respond to Defendant's Motion for Summary Judgment

Defendant filed a motion to dismiss/summary judgment on November 18, 2014. [ECF No. 24]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 19, 2014, advising him of the importance of the motion and of the need for him to file an adequate response. [ECF No. 25]. Plaintiff was specifically advised that if he failed to respond adequately by December 29, 2014, Defendant's motion may be granted.

Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a substantive response to the arguments in Defendant's motion to dismiss/summary judgment by January 30, 2015. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure

to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

December 31, 2014                       Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge