UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:14-cv-02222-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. Comstock, discipline hearing | ) | |
| officer, in her individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Raymond Edward Chestnut, a federal prisoner proceeding pro se, filed a complaint

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

against Defendant J. Comstock. *See* Complaint, ECF No. 1. Plaintiff asserts in his complaint that he

was deprived of his due process rights during a disciplinary hearing conducted by Defendant. *Id.* at 2-4.

The matter is before the Court for review of the Report and Recommendation (R & R) of United States

Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule

73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 43. The Magistrate Judge recommends

the Court dismiss the action with prejudice for Plaintiff's failure to prosecute. *Id.* at 2.

**Procedural History**

Plaintiff is a frequent filer in federal court who has one strike against him pursuant to the Prison

---

[1]      The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

Litigation Reform Act.[2] *See Chestnut v. McCoy*, No. 1:13-CV-1814-RBH, 2014 WL 4199112, at *3 (D.S.C. Aug. 20, 2014) (issuing a strike against Plaintiff in another *Bivens* action).  He filed the current complaint on June 9, 2014, seeking relief for an incident—an allegedly unconstitutional prison disciplinary hearing held by Defendant—that occurred in December 2007 at Federal Correctional Institution, Williamsburg.[3]  Complaint at 3.  Defendant filed a motion to dismiss or, alternatively, for summary judgment on November 18, 2014.  *See* ECF No. 24.  The next day, the Magistrate Judge issued a *Roseboro*[4] order notifying Plaintiff of the summary judgment/dismissal procedure, warning him of the consequences if he failed to adequately respond, and stating he had until December 23, 2014 to file any objections to Defendant's motion.  *See* ECF No. 25 at 1.

On December 10, 2014, over six months after he filed his complaint, Plaintiff filed a motion to amend or correct his complaint.  *See* ECF No. 29.  He did not, however, file any objections to Defendant's motion seeking dismissal or summary judgment, so the Magistrate Judge issued an order on December 31 denying Plaintiff's motion to amend and directing him to advise the court whether he wished to file a substantive response to Defendant's outstanding motion or otherwise continue with the case.  *See* ECF No. 31.

On January 16, 2015, Plaintiff filed a motion for an extension of time to respond to Defendant's motion, seeking to extend the deadline for filing a response by over two months—to March 31, 2015.  *See* ECF No. 33 at 1-2.  The Magistrate Judge granted Plaintiff's motion and afforded him the generous

---

[2]    28 U.S.C. § 1915(g); *see generally Blakely v. Wards*, 738 F.3d 607, 613 (4th Cir. 2013) ("[A] summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the [Prison Litigation Reform Act]'s three-strikes provision").

[3]    Plaintiff is currently incarcerated at United States Penitentiary, Lewisburg.  Complaint at 2.

[4]    *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

two-and-a-half month extension.  ECF No. 34.  The docket indicates Plaintiff filed nothing by March

31, and that between January 17 and April 9, 2015, he took no action to prosecute his case.

On April 7, 2015, the Magistrate Judge issued an order directing Plaintiff to advise the court

whether he wished to file a response to Defendant's motion or otherwise proceed with the case.  *See*

ECF No. 36.  The Magistrate Judge granted Plaintiff an extension to file his response by April 21 and

advised him that if he failed to respond, she would recommend dismissal of the action with prejudice

for failure to prosecute.  *Id.*  Two days later, on April 9, Defendant filed another motion for an

extension of time to file a response.  *See* ECF No. 39.  The Magistrate Judge granted Plaintiff's motion,

extended the deadline for him to file a response until May 15, 2015, and advised him that she would

grant no further extensions.  *See* ECF No. 40.  Plaintiff filed nothing, and after waiting an additional

five days beyond the May 15 deadline, the Magistrate Judge issued an R & R recommending the Court

dismiss the action with prejudice based upon Plaintiff's failure to prosecute.  R & R at 2.

On May 26, 2015, more than five months after the original due date for his response and after

having had three extensions granted by the Magistrate Judge, Plaintiff finally filed a response to

Defendant's motion.  *See* ECF No. 45.  Plaintiff also found time to file a timely objection to the R &

R, doing so on June 4.  *See* ECF No. 47.  Plaintiff's sole objection was that the Magistrate Judge erred

in recommending dismissal for failure to prosecute.  *Id.* at 1-3.  Although Plaintiff stated in his

objection that he placed his response in the mail on May 15, 2015, *id.* at 2, the envelope in which he

mailed his response shows the prison mailroom stamped the response as having been received May 19,

2015. *See* ECF No. 45, Attachment 1.  Moreover, after Defendant filed a reply to Plaintiff's response

on June 2, *see* ECF No. 46, Plaintiff continued his newfound trend of punctuality and filed a surreply

to Defendant's reply on June 15, despite having never asked for leave to file a surreply.[5] *See* ECF No. 48.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

A party who fails to file a timely objection may forfeit his right to de novo review of the R & R.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of a timely objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## Discussion

Plaintiff's sole objection is that the Magistrate Judge erred in recommending the Court dismiss

---

[5]    Neither the Federal Rules of Civil Procedure nor the Local Rules of the United States District Court for the District of South Carolina provide for a surreply, and the Court has not ordered one.

the case for Plaintiff's failure to prosecute.  ECF No. 47 at 1-3.  The Court finds the objection meritless.

"[A] federal court may invoke its inherent authority to sanction a *pro se* plaintiff by dismissing a complaint with prejudice *sua sponte*."  *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1077 (E.D. Va. 1991) (sanctioning a pro se inmate by dismissing his complaint with prejudice for failure to prosecute), *aff'd*, 16 F.3d 414 (4th Cir. 1993).  Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a plaintiff's action with prejudice because of his failure to prosecute the case.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (discussing Rule 41(b)).  The Court of Appeals for the Fourth Circuit has formulated a four-factor test for deciding whether a Rule 41(b) dismissal is an appropriate sanction: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant [by the plaintiff's delay or lack of prosecution], (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal."  *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (internal quotation marks omitted).

Applying the four-factor *Doyle* test, the Court finds Plaintiff's case warrants dismissal under Rule 41(b).  The record shows Plaintiff's failure to prosecute the action is entirely his own fault.  He failed to file a timely response to Defendant's motion for dismissal or summary judgment.  He failed to obey the Magistrate Judge's orders directing him to explain whether he wished to file a response or otherwise proceed with his case.  *See* ECF Nos. 34, 36, and 40.  The Magistrate Judge extended the original December 23, 2014 filing deadline three times: to March 31, 2015, then to April 21, and finally to May 15.  *Id.*  However, despite the Magistrate Judge indulging Plaintiff's extension requests and affording him ample time—nearly five months—to respond to Defendant's motion, Plaintiff never filed

5

a timely response.  The Court finds Plaintiff, a pro se litigant, bears full personal responsibility for his

procrastination.

The second *Doyle* factor strongly favors dismissal because Defendant has suffered prejudice

resulting from Plaintiff's delays.  Although Defendant frequently handles actions[6] such as that filed by

Plaintiff, Defendant has a strong interest in the expeditious resolution of this case.  The alleged incident

underlying the complaint is almost eight years old, this lawsuit is now more than a year old, and

Plaintiff has given no credible explanation for his prolonged delay in responding to Defendant's

motion.  Defendant has also been prejudiced by receiving Plaintiff's untimely response after the R &

R was already filed and by having to file a reply opposing the response.  *See* ECF Nos. 43, 45, and 46.

Regarding the third factor, the Court readily discerns "the existence of a drawn out history of

deliberately proceeding in a dilatory fashion."  *Doyle*, 938 F.2d at 34 (internal quotation marks

omitted).  Though a pro se litigant, Plaintiff is no stranger to federal court, having pursued multiple

actions in this Court and a Pennsylvania district court, and is well aware of the consequences for not

complying with filing requirements.  He has filed a number of successive habeas petitions[7] and a

myriad of *Bivens* actions.[8]  Plaintiff's litigious nature has necessitated the undue expenditure of the

---

[6]    *See, e.g., Schulze v. Ratley*, No. CA 6:11-941-JFA-KFM, 2012 WL 3964984 (D.S.C. Sept. 11, 2012) (naming Defendant J. Comstock as a defendant), *aff'd*, 517 F. App'x 148 (4th Cir. 2013); *Randall v. Pettiford*, No. 0:08-CV-03594-JMC, 2011 WL 586971, at \*1 (D.S.C. Feb. 9, 2011) (naming Defendant J. Comstock as a defendant).

[7]    *See, e.g., Chestnut v. Thomas*, No. 3:CV-14-1226, 2014 WL 6893667 (M.D. Pa. Dec. 5, 2014); *Chestnut v. Thomas*, No. 3:CV-13-1403, 2013 WL 6199146 (M.D. Pa. Nov. 27, 2013), *aff'd*, 566 F. App'x 119 (3d Cir. 2014); *Chestnut v. Thomas*, No. 3:CV-13-2951, 2014 WL 6886251 (M.D. Pa. Dec. 4, 2014); *Chestnut v. Thomas*, No. 1:13-CV-02249-RBH, 2013 WL 5934499 (D.S.C. Nov. 4, 2013); *Chestnut v. Thomas*, No. 3:CV-13-1416, 2013 WL 2352702 (M.D. Pa. May 29, 2013); *Chestnut v. Drew*, No. CA 1:12-121-RBH-SVH, 2012 WL 1620911 (D.S.C. May 8, 2012).

[8]    *See, e.g., Chestnut v. Singleton*, No. 1:13-CV-2250-RBH, 2015 WL 2345266 (D.S.C. May 14, 2015); *Chestnut v. Singleton*, No. 1:13-CV-2250-RBH, 2014 WL 4199115 (D.S.C. Aug. 20, 2014); *Chestnut v. McCoy*, No. 1:13-CV-1814-RBH, 2014 WL 4199112 (D.S.C. Aug. 20, 2014); *Chestnut v. United States*, No. 1:13-CV-1870-RBH, 2014 WL 3799000 (D.S.C. July 31, 2014), *aff'd sub nom. Chestnut v. Thompson*, 585 F.

Court's and opposing parties' time, resources, and patience.  This Court has already issued a strike against Plaintiff pursuant to the Prison Litigation Reform Act.  *Chestnut*, 2014 WL 4199112, at \*3. Most importantly, the Magistrate Judge warned Plaintiff that his failure to properly respond to court orders would result in a recommendation of dismissal.  ECF Nos. 25 and 36; *see Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (finding the district court did not abuse its discretion in dismissing a pro se prisoner's case pursuant to Rule 41(b), given "the critical fact" that the magistrate judge warned the plaintiff that failure to obey a court order would result in a recommendation of dismissal). Plaintiff's pattern of filing extension requests, receiving extensions, and then never adhering to the filing deadlines illustrates his deliberate intent to protract this case into the indefinite future.

Finally, the Court can find no sanction less severe than dismissal.  Plaintiff has demonstrated he will not comply with court instructions or deadlines despite orders and extensions offering clear explanations of the procedures used in district court.  *See Zaczek*, 764 F. Supp. at 1077 (finding a sanction of dismissal of the complaint with prejudice was "necessary because the plaintiff repeatedly failed to comply with the [o]rders of th[e] [c]ourt").  Most troubling is Plaintiff's misrepresentation to this Court regarding the date he mailed his response.  Plaintiff claims he mailed the response on May 15, 2015, *see* ECF No. 47 at 2, but the envelope on file with the Clerk shows the prison mailroom stamped the response as having been received May 19, 2015.  *See* ECF No. 45, Attachment 1.  The Court abides by the "prison mailbox rule," which provides a pro se prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court.  *Houston v. Lack*, 487 U.S. 255, 276 (1988).  Here, the prison mailroom stamp is independent proof that Plaintiff mailed

---

App'x 284 (4th Cir. 2014); *Chestnut v. Singleton*, No. 1:13-CV-2250-RBH, 2014 WL 1373740 (D.S.C. Apr. 8, 2014); *Chestnut v. Thompson*, No. 1:12-CV-00259-RBH, 2012 WL 6209543 (D.S.C. Dec. 13, 2012); *Chestnut v. Benson*, No. 4:12-CV-01106-RBH, 2012 WL 2077794 (D.S.C. June 8, 2012); *Chestnut v. Thompson*, No. 1:12-CV-00259, 2012 WL 1358511 (D.S.C. Apr. 18, 2012).

his response four days after the May 15 deadline set by the Magistrate Judge, *see* ECF No. 40, and that Plaintiff has falsified the filing date. *Cf. Roberts v. McKenzie*, No. AW-12-CV-2474, 2013 WL 3179102, at \*4 (D. Md. June 20, 2013) ("When a court does not receive a pleading within a reasonable time after the date upon which an inmate claims to have mailed it, it is appropriate to require independent proof of the mailing date, such as mail logs . . . or receipts for postage, before giving the inmate the benefit of the prison mailbox rule."), *aff'd*, 566 F. App'x 226 (4th Cir. 2014).  Given Plaintiff's blatant misrepresentation and noncompliance with court orders, the Court finds no sanction except dismissal would be effective or appropriate. *See Ballard*, 882 F.2d at 96 (stating that "[a]ny other course [besides dismissal] would have placed the credibility of the [district] court in doubt and invited abuse").

Having applied the *Doyle* factors and reviewed the procedural history in this case, the Court finds dismissal under Rule 41(b) is appropriate.  The Court therefore overrules Plaintiff's objection.

### **Conclusion**

The Court has reviewed the Magistrate Judge's R & R, Plaintiff's objection, the applicable law, and the entire record in this case.  The Court finds no merit in Plaintiff's objection and agrees with the Magistrate Judge's recommendation to dismiss this case for failure to prosecute.  R & R at 2.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defendant's motion to dismiss or, alternatively, motion for summary judgment [ECF No. 24] is **DENIED AS MOOT.**  The Court directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

8

Florence, SC                                          s/ R. Bryan Harwell
June 29, 2015                                         R. Bryan Harwell
                                                      United States District Judge