UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:14-cv-02222-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. Comstock, *discipline hearing* | ) | |
| *officer, in her individual capacity*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Raymond Edward Chestnut, a federal prisoner proceeding pro se, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant J. Comstock alleging violations of his constitutional rights. *See* ECF No. 1. Defendant filed a motion to dismiss, or alternatively, for summary judgment. *See* ECF No. 24. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges.[1] *See* R & R, ECF No. 59. The Magistrate Judge recommends the Court grant Defendant's motion for summary judgment and dismiss this action with prejudice. *Id.* at 2, 20.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R, and the time for doing so has expired.[2]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 59] of the Magistrate Judge. It is therefore **ORDERED** that Defendant's motion for summary judgment [ECF No. 24] is **GRANTED** and that this action is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that Defendant's motion to dismiss [ECF No. 24] is **DENIED as moot**.

**IT IS SO ORDERED.**

Florence, South Carolina                                                     s/ R. Bryan Harwell
August 17, 2016                                                                  R. Bryan Harwell
                                                                                          United States District Judge

---

[2]    Objections were due by August 1, 2016. *See* ECF No. 59.